UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

BRYAN ANTHONY BRANHAM,　　　　　　　　　　　　　　　　　　　　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　Civil Action No. 3:16-cv-P108-DJH

MARK BOLTON *et al.*,　　　　　　　　　　　　　　　　　　　　　　　　Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

This is a civil rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Bryan Anthony Branham leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed in part, but Plaintiff will be allowed to amend his complaint.

### I. SUMMARY OF COMPLAINT

Plaintiff brings this action against three Defendants in their official capacities: Mark Bolton, Louisville Metro Department of Corrections (LMDC) Jailer; Martha Knox, Bullitt County Detention Center (BCDC) Jailer; and Joe Blue, Hopkins County Detention Center (HCDC) Jailer. As relief, Plaintiff seeks compensatory and punitive damages.

### A. LMDC

Plaintiff first complains about incidents which occurred at LMDC. Plaintiff states that while he was incarcerated at LMDC, he was searched several times and "sometimes multiple times daily." He alleges that during these searches, he would have his "genitals groped along with [his] penis, while in same motion the searching deputies would run their hands in the circle of my buttox and this would be very humiliating and uncomfortable."

Plaintiff next states that while he was at LMDC, he was "denied medical treatment for mental illness numerous times." He states that he requested evaluations for such and was told "no." Plaintiff states that during the time he was incarcerated at LMDC he filed grievances regarding this issue but no action was ever taken.

Further, Plaintiff asserts that while at LMDC he complained to medical staff regarding "headaches, dizziness, blackouts, and vision." He states that "nothing was done" and that as a result he passed out the week of May 10, 2015, causing him "to bust [his] mouth on the floor and break "one of [his] front teeth in half." He states that "medical" then scheduled procedures to be run, "such as blood tests and an EKG," but that he was transferred before any of these took place.

**B. BCDC**

Plaintiff alleges that upon being transferred to BCDC, he notified the jail of his ongoing medical and mental health issues and requested to be seen by both a nurse and a "psych doctor" for an evaluation. Plaintiff states that he was seen by a nurse who told him that they would not run blood tests or conduct any of the other procedures ordered by medical staff at LMDC. With regard to his mental health issues, Plaintiff alleges that he was also told that BCDC had no doctor to conduct a psychological evaluation and that the only inmates to receive medication were those "who were under treatment before incarceration."

Plaintiff also alleges that on one occasion a BCBC deputy told other inmates that Plaintiff "was telling on them" and that "they were losing privileges" because of Plaintiff. Plaintiff states that when he told the deputy that those statements were unprofessional, the deputy "tried to taunt me into a fight, then put me in segregation taking my mat, making me sit on metal from 7:00 a.m. to 11:00 p.m. each night." Plaintiff states that he filed grievances on this deputy and, after

they were reviewed by other officers, Plaintiff was released and placed back in his original cell. Plaintiff states that because the deputy's actions "made a bad name for [him], . . .[he] believe[s] [his] life has been put in jeopardy and will continue causing [him] problems."

Moreover, Plaintiff states that BCDC officials "conducted strip searches on [him] even though [his] charges are not drug related and [he] was not a new arrest."

He also complains that BCDC officials would not allow him to have the hygiene products he had purchased at LMDC and that he had to buy new ones at BCDC.

### C. HCDC

Plaintiff states that upon being transferred to HCDC, he notified the "jail" of his medical and mental conditions and "they continued to overlook and told me to pay medical even though I'm a state inmate and medical is covered."

Plaintiff also indicates that he was strip-searched on two occasions after "court transfers" during which he had no opportunity to receive contraband. Plaintiff states that these searches were "unnecessary and discriminative."

Plaintiff also states that he had clothing stolen because it was placed in the wrong cell and HCDC refused to replace the clothing.

Finally, Plaintiff alleges that he is "in the post-conviction appeal process" and that HCDC does not have "ample legal aid library assistance only a law book it's tore up."

### II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 604. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

# III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

In this action, Plaintiff sues each Defendant in his/her official capacity. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's claims against LMDC Jailer Bolton are actually against the Louisville Metro Government; his claims against BCDC Jailer Martha Knox are actually against Bullitt County; and his claims against HCDC Jailer Joe Blue are actually against Hopkins County. *See, e.g.*, *Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county); *Griffin v. S. Health Partners, Inc.*, No. 1:12CV-P174-M, 2013 U.S. Dist. LEXIS 17770, at *13-14 (W.D. Ky. Feb. 11, 2013).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality or private corporation is responsible for that violation. *Collins v. City*

*of Harker Heights*, *Tex.*, 503 U.S. 115, 120 (1992). The municipality is only liable when an official policy or custom of the corporation causes the alleged deprivation of federal rights. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well."). Municipalities cannot can be held liable under § 1983 for torts committed by its employees when such liability is predicated solely upon a theory of *respondeat superior*. *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999). It is against this standard that the Court will determine whether Plaintiff has stated an official-capacity claim against any Defendant.

### A. BODY SEARCHES

Plaintiff does not indicate what constitutional right he believes was violated by the various jail officials who allegedly subjected to him to intrusive pat-down searches and unreasonable strip searches. Courts generally analyze claims based upon the intrusiveness of searches under the Fourth and Eighth Amendments. *See, e.g.*, *Hunter v. Palmer*, No. 1:17-cv-109, 2017 U.S. Dist. LEXIS 53181 (W.D. Mich. April 6, 2017).

Because Plaintiff does not allege that these searches were conducted pursuant to the official custom or policy of any municipality, the Court will dismiss the official-capacity claims against all Defendants regarding the body searches for failure to state a claim upon which relief may be granted.

Plaintiff's allegations may be sufficient to state a Fourth Amendment and/or Eighth Amendment claim against the officials who personally conducted these searches. Plaintiff, however, has failed to identify and name these officials as Defendants. To state a claim for relief, Plaintiff must name these officials as Defendants and make specific allegations against

each one. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). The Court will allow Plaintiff an opportunity to file an amended complaint in which he names as Defendants the officers who allegedly conducted the unconstitutional searches and describes the actions taken by each.[1]

### B. MEDICAL AND MENTAL HEALTH NEEDS

Plaintiff also alleges that officials at each named facility failed to adequately treat his physical and/or mental health conditions. The Eighth Amendment protects convicted prisoners from the "unnecessary and wanton infliction of pain." U.S. Const. amend. VIII. An Eighth Amendment claim requires a plaintiff to prove two distinct components - one objective and one subjective. First, the alleged deprivation must be, objectively, "sufficiently serious," *i.e.*, the "official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. 825, 834 (1970) (citations and internal quotation marks omitted). Second, the official must have been "deliberately indifferent" to the inmate's health or safety. *Id.*

Because Plaintiff does not claim that his allegedly inadequate medical treatment occurred as a result of the official custom or policy of any municipality, the Court will dismiss the official-capacity claims against all Defendants regarding his medical treatment for failure to state a claim upon which relief may be granted.

However, as with the body-search claims, Plaintiff's allegations may be sufficient to state an Eighth Amendment deliberate indifference claim against the officials who allegedly denied him adequate medical and mental health care. Plaintiff, however, has failed to identify and name these officials as Defendants. To state a claim for relief, Plaintiff must name the individuals as Defendants and make specific allegations against each one in his amended complaint.

---

[1] "Under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act]." *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

## C. SAFETY CONCERNS BCDC

The Court will next consider Plaintiff's claim that his life was put in danger because a BCDC deputy told another other inmates that Plaintiff "was telling on them" and that "they were losing privileges" because of Plaintiff.

Under the Eighth Amendment, prison or jail officials "have an affirmative duty to protect inmates from violence perpetrated by other prisoners." *Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998). To state an Eighth Amendment claim, a plaintiff must allege facts showing that the defendant's conduct amounted to "deliberate indifference" to a known risk of harm to the plaintiff. *Farmer v. Brennan*, 511 U.S. at 828. Identifying an inmate as an informant or labeling him or her as a "snitch" may constitute deliberate indifference to the safety of the inmate. *See, e.g.*, *Comstock v. McCrary*, 273 F.3d 693, 699, n. 2 (6th Cir. 2001) (acknowledging that being labeled a snitch could make the inmate a target for prison attacks); *Benefield v. McDowall*, 241 F.3d 1267, 1271 (10th Cir. 2001).

However, the United States Court of Appeals for the Sixth Circuit has held that to state a claim for deliberate indifference under the Eighth Amendment in such a context, a plaintiff must allege, and ultimately establish, that he or she suffered physical harm as a result of being labeled a snitch. *See Thompson v. Mich. Dep't of Corr.*, 25 F. App'x 357, 359 (6th Cir. 2002) (affirming district court's dismissal where plaintiff's claim that he was endangered by being labeled a snitch was unsupported by any allegation of harm); *Yaklich*, 148 F.3d at 600-01 (plaintiff failed to state an Eighth Amendment claim based upon inmate threats where he alleged no physical injury); *White v. Trayser*, No. 10-CV-11397, 2011 U.S. Dist. LEXIS 31434 (E.D. Mich. Mar. 25, 2011) (plaintiff failed to state an Eighth Amendment claim where he alleged that defendant endangered his life by thanking him for information about illegal contraband in the presence of

other inmates but failed to allege that he suffered any physical injury); *Catanzaro v. Mich. Dep't of Corr.*, No. 08-11173, 2009 U.S. Dist. LEXIS 108443, at *25 (E.D. Mich. Nov. 19, 2009) ("an Eighth Amendment deliberate indifference claim must be grounded in an actual physical injury"); *Gibbs v. Ball*, No. 07-15462, 2009 U.S. Dist. LEXIS 130860, at *9-13 (E.D. Mich. Jan. 12, 2009) (no Eighth Amendment violation where plaintiff was labeled a "rat," but did not show actual physical injury).

Here, Plaintiff does not allege that he suffered any physical harm as a result of the deputy's statements. Thus, Plaintiff's allegations do not establish a constitutional violation. As such, the Court will dismiss this claim for failure to state a claim upon which relief may be granted.

### D. HYGIENE PRODUCTS AT BCDC

Plaintiff also alleges that BCDC officials refused to allow him to keep any of the hygiene products he had purchased from LMDC and that, as a result, he had to buy new hygiene products ones at BCDC. This allegation also fails to state a constitutional claim.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Yaklich*, 148 F.3d at 600-01. The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison

9

confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer*, 511 U.S. at 834 (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)).

Here, Plaintiff does not allege that he was deprived of basic hygiene supplies or that he suffered any adverse health effects or extreme discomfort due to the absence of those items. For this reason, the Court will dismiss this claim for failure to state a claim upon which relief may be granted. *See, e.g.*, *Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010) (discussing cases involving the deprivation of hygiene items); *Argue v. Hofmeyer*, 80 F. App'x at 427, 430 (6th Cir. 2003) (holding that a prisoner failed to state an Eighth Amendment claim because he did not allege a complete denial of hygiene products or that he "suffered extreme discomfort" as a result of the denial); *Moore v. Chavez*, 36 F. App'x 169, 171 (6th Cir. 2002) (finding that the plaintiff had failed to allege that "he suffered extreme discomfort due to his inability to purchase the items or that he was completely denied the basic elements of hygiene").

## E. STOLEN CLOTHING AT HCDC

Plaintiff also alleges that he had his clothing stolen at HCDC because it was placed in the wrong cell and that HCDC officials refused to replace the clothing.

The alleged loss of Plaintiff's personal property does not give rise to a constitutional violation. The Supreme Court has held that where adequate remedies are provided by state law, the negligent or intentional loss or destruction of personal property does not state a claim cognizable under the Due Process Clause of the Fourteenth Amendment. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). In order to assert a constitutional claim for deprivation of property, a plaintiff must allege that the state post-deprivation procedures are inadequate to remedy the deprivation. *See Parratt*, 451 U.S. at 543-44. The law of this Circuit is in accord. For example, in *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983), the court held that "in § 1983 damage suits claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." The Sixth Circuit has found that Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt*. *See Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985). For these reasons, the Court will dismiss this claim for failure to state a claim upon which relief may be granted.

### F. LACK OF LEGAL RESOURCES AT HCDC

Finally, Plaintiff complains that he is "in the post-conviction appeal process" and that HCDC does not have "ample legal aid library assistance only a law book it's tore up."

It is well-established that prisoners and pre-trial detainees have a constitutional right to access to the courts. *See Lewis v. Casey*, 518 U.S. 343 (1996); *Leveye v. Metro. Pub. Def. Office*, 73 F. App'x 792 (6th Cir. 2003); *Hadix v. Johnson*, 182 F.3d 400 (6th Cir. 1999). To state a viable claim, however, an inmate must demonstrate he suffered "actual injury" as a result of particular actions of prison officials. *Lewis*, 518 U.S. at 351. The Supreme Court has made clear

that an inmate "cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Id*. Rather, an inmate "must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id*.

Moreover, this injury requirement is not satisfied by "just any type of frustrated legal claim." *Id*. A prison official may be held liable only to the extent that his or her actions prevented a prisoner from pursuing, or caused the rejection of, specific non-frivolous direct appeals, habeas corpus applications, or civil rights actions. *Id.; see also Hadix*, 182 F.3d at 405; *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999). "Impairment of any other litigating capacity is simply one of the incidental, and perfectly constitutional, consequences of conviction and incarceration." *Lewis*, 518 U.S. at 355.

In addition, the Supreme Court has emphasized that an inmate's right of access to the courts "is ancillary to the underlying claim, without which [an inmate] cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). In other words, an inmate must demonstrate "actual injury" by showing that his underlying claim is non-frivolous and that it was frustrated or impeded by the defendants. *Lewis*, 518 U.S. at 353; s*ee also Clark v. Johnston*, 413 F. App'x 804 (6th Cir. 2011) (stating that prisoner must demonstrate that the underlying claim allegedly prejudiced is not frivolous). It follows, then, "that the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher*, 536 U.S. at 415; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (finding that plaintiff must "plead and prove prejudice stemming from the asserted violation").

Here, Plaintiff has failed to sufficiently allege that he suffered an "actual injury." As set forth above, Plaintiff cannot establish an actual injury simply by stating, in vague and conclusory terms, that the prison law library or legal assistance program is inadequate. *Lewis*, 518 U.S. at 351. Although Plaintiff mentions that he is "in the post-conviction appeal process," he does not explain how the alleged shortcomings in HCDC's legal resources hindered his efforts to pursue a specific, non-frivolous direct appeal. *Id.*; *Hadix*, 182 F.3d at 405; *Thaddeus-X*, 175 F.3d at 391.

For these reasons, the Court will dismiss this claim for failure to state a claim upon which relief may be granted.

### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's official-capacity claims against all Defendants are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's claims based upon his safety concerns and required purchase of hygiene products at BCDC and his claims based upon the theft of his clothing and inadequate legal resources at HCDC are also **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED that within 30 days from the entry date of this Memorandum Opinion and Order, Plaintiff may file an amended complaint which names as Defendants the individuals at each facility who allegedly violated his rights by providing inadequate medical or mental health treatment or conducting inappropriate searches. In the amended complaint, Plaintiff should explain how each Defendant personally took actions that allegedly caused the deprivation of his constitutional rights with regard to these claims.**

The Court will conduct an initial review of Plaintiff's amended complaint pursuant to § 1915A.  **Should Plaintiff fail to file an amended complaint with the above information within the allotted amount of time, Plaintiff's complaint will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.**

**Plaintiff should also submit a completed summons form for each named Defendant within the same 30-day period.**[2]

**The Clerk of Court is DIRECTED** to send Plaintiff a § 1983 complaint form with this case number and the word "Amended" affixed thereto, as well as six blank summons forms.

Date: May 25, 2017

**David J. Hale, Judge
United States District Court**

cc: Plaintiff, *pro se*
  Defendants
  Jefferson County Attorney
  Bullitt County Attorney
  Hardin County Attorney
4415.011

---

[2] Regarding the completion of the summons form, Plaintiff must: (1) prepare a summons for each Defendant sued; (2) write or type Defendant's name and address on the summons in the space provided; (3) write or type Plaintiff's name in the space provided; (4) **do not** fill in any other part of the summons form and **do not** mail the summons to any of the defendants.